TUSA REALTY CO., INC., v. STATE REALTY CO., INC.

(April 15, 1929. Opinion and Decree.)

Michel Provosty, of New Orleans, attorney for plaintiff, appellee.

Van Buren Harris, of New Orleans, attorney for defendants, appellants.

WESTERFIELD, J. This is a suit for the return of a deposit in the sum of $750 made by plaintiff with one of the defendants, State Realty Company, Inc., on account of the purchase price of certain property.

The State Realty Co., Inc., operates a real estate agency and in the course of business obtained the authority of Mr. Capdebosque to sell a certain piece of property belonging to him. A purchaser was found in the person of Jules M. Wogan, who agreed to pay $15,000 and to deposit 10 per cent of the purchase price upon the acceptance of his offer. The offer was duly accepted, but no deposit made. Subsequently Tusa Brothers agreed to join Mr. Wogan in his purchase and affixed their signatures to the contract below that of Mr. Wogan and at the same time handed their check for $750 to the State Realty Co., Inc., as their share of the deposit. Wogan was unable, or unwilling —in any event he failed to put up his half of the deposit, whereupon an agreement was entered into whereby the Tusa Realty Co., Inc., which had acquired the interest of the Tusa Brothers in the transaction, and Jno. T. Gough agreed to buy the property from Jules M. Wogan. This agreement also contained the stipulation that 10 per cent deposit was to be made on account of the purchase price, but no deposit was made. Mr. Capdebosque was willing to convey the property for the original offer of $15,000, to anybody who would pay the price and the Tusa Realty Co., Inc., was willing to pay for half of the property, but neither Mr. Gough nor Mr. Wogan was willing to buy the other half, consequently, the entire transaction failed of consummation.

The plaintiff sued the State Realty Co., Inc., and its surety, the Massachusetts Bonding and Insurance Company, and made all other parties to the transaction co-defendants. The only defendant opposing plaintiff's demand in this court is the State Realty Co., Inc., and its surety, Massachusetts Bonding and Insurance Company. The objection raised by this de-

fendant is not clear to us, but it is apparent that since the owner does not claim the deposit, his agent has no right to it, particularly, in view of the fact that no commission is demanded. Indeed no commission is due the agent for, it has failed to earn any, by consummating the sale of the property, or procuring a purchaser able and willing to purchase it.

We believe, as did the trial judge, that "the common sense and right thing to do in such a situation is to restore the respective parties to the positions which they occupied at the beginning. * * * The State Realty Co., Inc., makes no claim in this suit for a commission, therefore, I could not in this suit give it a judgment. If its claim to a commission could be said to offer some impediment to the return of the deposit, it must be said that the commission is not earned."

The lower court awarded plaintiff judgment for the amount claimed, $750, against the State Realty Co., Inc., and its surety, the Massachusetts Bonding and Insurance Company, in solido, ordering the return of the deposit, and declaring null and void the various contracts confected in the effort to sell this property.

We are of opinion that the case has been correctly determined below and for the reasons assigned the judgment appealed from is affirmed.